PHILLIP A. TALBERT
Acting United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>HENRY BENSON,<br><br>                    Defendant. | CASE NO. 2:19-CR-00035-KJM<br><br>STIPULATION REGARDING PROCEDURE FOR RETESTING CONTROLLED SUBSTANCES; [PROPOSED] FINDINGS AND ORDER |

**Stipulation**

1) The defendant, Henry Benson, has requested to re-test certain controlled substance exhibits.

2) Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the parties stipulate that the government will produce, for qualitative retesting and/or quantitative retesting by a defense expert, a representative sample from some of the controlled substance exhibits the government intends to introduce in its case-in-chief;

3) Specifically, the government shall extract samples from the following exhibits sufficient in its discretion to perform the qualitative and/or quantitative reanalysis:

   a. 76 (LIMS #2018-SFL7-03273), 77 (2018-SFL7-03662), 78 (2018-SFL7-03663), 79 (2018-SFL7-03664), 80 (2018-SFL7-04116), 81 (2018-SFL7-04117), 82 (2018-SFL7-04118), 86 (2018-SFL7-04906), 90 (2018-SFL7-05466), 100 (2019-SFL7-00703), 101 (2019-SFL7-00704), 102 (2019-SFL7-00705), 107 (2019-SFL7-00710),

114 (2019-SFL7-00716), 122 (2019-SFL7-00736), 123 (2019-SFL7-00737), 124 (2019-SFL7-00738), 127 (2019-SFL7-00741), 201 (2019-SFL7-00726), 203 (2019-SFL7-00728), 204 (2019-SFL7-00729), 205 (2019-SFL7-00730), 206 (2019-SFL7-00731), and 209 (2019-SFL7-00734).

4) The government will deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the expert's proximity to the originating Drug Enforcement Administration (DEA) laboratory, a representative sample of the exhibits identified above to the defense expert, who has been specifically identified as Minh Tran at the laboratory that has been specifically identified as Drug Detection Lab, which is physically located at 9700 Business Park Dr. Suite 407 Sacramento, CA 95827, with the samed mailing address.

5) The expert shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration (RD0500707) sufficient to perform the qualitative and/or quantitative reanalysis of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

6) Upon delivery of the exhibits to the defense expert, the expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample.

7) The defense expert shall conduct the identification and/or quantitative analysis (calculated as the hydrochloride salt form) ordered herein, and shall provide the government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746.  The Declaration will state the quantity of each exhibit consumed during reanalysis (if any) as well as the weight of each exhibit both received from and returned to the government.  The Declaration shall be delivered to the government immediately upon completion of the reanalysis ordered herein; and

8) In accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the reanalysis under this Order; and

9) The defendant agrees that any reweighing of the exhibits will be conducted first and separately from any retesting involving qualitative and/or quantitative reanalysis of the laboratory exhibits, if such a separate order is entered;

10) The defendant shall coordinate with the government a convenient date and time for the reanalysis ordered herein;

11) The defense expert's reanalysis may be observed by a government law enforcement officer, who reserves the right to videotape the reanalysis or any portion thereof;

12) The defense expert is responsible for safeguarding the exhibits/samples, preserving the chain of custody in a manner to faithfully protect its integrity;

13) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

14) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail.  The method can be secured delivery services (*i.e.*, barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

15) All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s).  Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

16) Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

17) Any failure by the defense to maintain the proper chain of custody will not render Exhbits 76 (LIMS #2018-SFL7-03273), 77 (2018-SFL7-03662), 78 (2018-SFL7-03663), 79 (2018-SFL7-03664), 80 (2018-SFL7-04116), 81 (2018-SFL7-04117), 82 (2018-SFL7-04118), 86 (2018-SFL7-04906), 90 (2018-SFL7-05466), 100 (2019-SFL7-00703), 101 (2019-SFL7-

00704), 102 (2019-SFL7-00705), 107 (2019-SFL7-00710), 114 (2019-SFL7-00716), 122 (2019-SFL7-00736), 123 (2019-SFL7-00737), 124 (2019-SFL7-00738), 127 (2019-SFL7-00741), 201 (2019-SFL7-00726), 203 (2019-SFL7-00728), 204 (2019-SFL7-00729), 205 (2019-SFL7-00730), 206 (2019-SFL7-00731), and 209 (2019-SFL7-00734) inadmissible for this reason.

IT IS SO STIPULATED.

Dated:  October 7, 2021         PHILLIP A. TALBERT
                                Acting United States Attorney

                                /s/ CAMERON L. DESMOND
                                CAMERON L. DESMOND
                                Assistant United States Attorney

Dated:  October 7, 2021         /s/David Fischer
                                David Fischer
                                Counsel for Defendant
                                HENRY BENSON

## [PROPOSED] FINDINGS AND ORDER

Based upon the agreement of the parties and pursuant to Rule 16(a) and (b) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating the retesting of certain controlled substance exhibits in this case.  IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the retesting of the identified controlled substance exhibits.

IT IS SO ORDERED.

DATED: October 7, 2021

The Honorable Jeremy D. Peterson
UNITED STATES MAGISTRATE JUDGE